83.344-01

RECEIVED IN
COURT OF CRIMINAL APPEALS
OCT 12 2015
Abel Acosta, Clerk

Writ No. WR-83,344-02

EX PARTE, §   In The 198TH District Court of

JESSIE RAY ROSE §   Kerr County,Texas

§

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR WRIT OF HABEAS CORPUS 11.07

**State of Texas**

**Conuty,Coryell**

My Name is Jessie Ray Rose,I am of sound mind over the age of 18 years,and
do state under penalty of perjury the following is true and correct,and that
I am making this affidavit in support of my writ 11.07,and am willing to test-
ify to the following in a live hearing:

I was charged with the offense of aggravated robbery,December 2,2011 the Court
appointed Mr.Richard L. Ellison to represent me in Cause No.B 11690.
I was convicted and sentenced to 80 years imprisonment after Mr.Ellison refu-
sed to do anything to test the merits of the State's case in his representa-
tion of me,as my trial record reflects.
I did not discover that Mr.Ellison was not certified by the Board of Legal
Specialization in criminal Law trials at the time the State appointed him to
represent me,until he filed an affidavit with the Court to answer my original
application in which he stated in his affidavit that he was not Certified by
Board of Legal Specialization in Criminal Trials until December 14,2014,two
years after he represented me in my robbery trial.
Prior to my trial I told Mr.Ellison that I wanted to take my case to trial
because I was not guilty as charged.He argued with me that the State had an
air tight case against me because my wallet and cell phone were found in the
car involved in the robbery,and that the mask used in the robbery had my DNA
on it but he also knew that there were other peoples DNA on the mask as well
two or three.
I explained to Mr.Ellison that I had gotten a ride to Fredicksburg with Bobby
and once we got there he dropped me off and I left my cell phone and wallet in
his car,and that Mr.Gary Whitehead could verify this as well as the fact when
I was waiting on Bobby to come back for me they did not come back and I ended
up walking from Fredricksburg on the night of the alleged robbery which

(1)

**happened in Kerrville** about 11 or 12 a.m. I began walking back to Kerrville about that time I left Gary and a friend of his.

I also told counsel that my mother also knew that I was in Fredricksburg at the time the alleged robbery took place.

He did not want to hire an investigator to verify that I was in Fredricksburg on the night of the robbery.This caused a conflict between him and I due to the fact that was the only way I could prove my innocence.

Mr.Ellison I asked him to have an independent DNA test conducted on the mask to find out who the other contributors were because I told him it was not possible my DNA was on the mask.He knew that there were other peoples DNA on the mask alleged to have been used in the robbery.At trial there was testimony that the mask was subject to cross-contamination due to the fact it was placed in the same bag with my cell phone and wallet which was recovered from Bobby's car.

Mr.Ellison refused to have the independent test conducted due to the fact he told me that without access to the law enforcement DNA data bank,the other DNA would not be able to be identified.

The DNA expert at trial testified that the way the DNA is identified is that the name of the person believed to be a contributor must be submitted along with his/her buccal swab.Counsel knew the names of two suspects the police had in custody in connection with the offense and also the names of suspects the complainant believed robbed him.So he could have submitted their names along with a buccal swab.See Vol.11:162 at 22-25

The DNA Expert called by the state testified that my DNA was not dominant and based on the results there are possibly two or three people.See Vol.11:171 at 4-25.

Counsel's failure to investigate and present to the jury other peoples DNA was not based on an informed choice,and that deprived applicant of favorable evidence,as well as counsel's failure to hire an investigator to locate and interview alibi witness that knew I was in Fredricksburg during the time of the alleged offense occured in Kerrville.,and also to object to the recorded jail conversation between my mother and brother which did not reflect that a robbery took place,this was hearsay evidence,and it obtained extraneous offense information concerning an act of misconduct which was inadmissible under Rules 403,and 404(b).

(2)

The record of my trial reflects that Mr.Ellison lacked the experience and sk-
ill of a criminal defense attorney,and he lacked knowledge of the rules of
evidence.

Inmate Decleration

I _Jesse Ray Rose_ declare under the penalty of perjury that the state-
ments and allegations made in this affidavit are true and correct.


Executed on this _23rd_ day of _September_ 2015

_Jesse Ray Rose_
Signature


Submitted by: _Jesse Ray Rose_
Jesse Ray Rose #1802171
Hughes Unit,Rt.2 Box 4400

Gatesville,Texas 76597

(3)



WRIT NO. 83,344 - 01

IN THE

TEXAS COURT OF CRIMINAL APPEALS

EX PARTE,

JESSE RAY ROSE

ON POST - CONVICTION WRIT OF HABEAS CORPUS
from the 198 th Judicial District Court,
KERR COUNTY, TEXAS

CAUSE NO. B - 11690

Applicant's written objection to Trial Court's findings of Fact
and Conclusions of law suggestion he be denied relief.

Respectfully Submitted,

*Jesse Ray Rose*  Sept. 23, 2015
Jesse Ray Rose #180211
Hughes Unit, Rt.2 Box 4400
Gatesville, Texas 76597

## TABLE OF CONTENTS

CONFINEMENT AND RESTRAINT      1

statement of facts      2

GROUND FOR RELIEF ONE:

      DEFENSE COUNSEL, Mr. richard L. Ellison, SBN
      06580700, RENDERED INEFFECTIVE ASSISTANCE DURTING
      TRIAL

     3

CONCLUSION      8

PRAYER      9

CERTIFICATE OF COMPLIANCE      LAST

i

# INDEX OF AUTHORITIES

EX PARTE MENCHACA, 854 S.W.2d 126                    3

EX PARTE MORROW, 952 S.W.2d 530                      8

EX PARTE SCOTT, 581 S.W.2d 181                       4

HERNANDEZ V. STATE, 726 S.W.2d 53                    3

HILL V. LOCKHART, 474 U.S. 52                        8

JACKSON V. STATE, 766 S.W.2d 504                     5

McFARLAND V. STATE, 928 S.W.2d 482              3, 4  3,

STRICKLAND V. WASHINGTON, 466 U.S. 668              3, 4, 7


STATE STATUTES:

Tex.Code Crim.Proc.Ann. Art. 11.07                  1


STATE BAR RULERS                                    6


U.S. Const. Amendment Six                           7

ii

No.B11690-1
Court of Criminal Appeals Number WR-83,344-01

EX PARTE                              § In the District Court of

JESSE RAY ROSE                        § 198th Judicial District

                                      § KERR COUNTY,TEXAS

**Written Objections to conclusions of Law,Recommendation and order**

**of District Court to deny applicant relief.**

Applicant Jesse Ray Rose ,files this written objection to Trial Courts Findings of Fact and Conclusions of law due to the fact, **There are still controverted unresolved facts** concerning counsels representation which are material to his ineffective assistance of Counsel claim which was not addressed by the court,and Trial Counsel's Affidavit fails to address applicant's allegation that: (1)Counsel failed to **Secure favorable evidence,**and (2)Failure to introduce evidence before the jury that applicant's fingerprints were not recovered from the vehicle  or from the weapon that was used.

## APPLICANT WAS DENIED A FULL AND FAIR HEARING

(a)Trial Court's decision is not entitled to deference,it failed to provide applicant with a full and fair hearing,and it's adjudication of applicant's ineffective assistance of counsel claim resulted in a decision that was **based on an unreasonable determination of the facts in light of the evidence presented in it's proceeding.**And(b)Trial Court's rejection of applicant's ineffective assistance of counsel claim was based on trial counsel's

(1)

**false and misleading affidavit**...and an unreasonable application of clearly established law...<u>Strickland V. Washington</u>(Supra). Applicant will now show the following:

I.

Applicant filed an ineffective assistance of counsel claim in his writ of habeas corpus application alleging **counsel was ineffective for failing to <u>secure favorable evidence</u>**(buccal swabs from other suspects for Dna comparison),this allegation was not addressed by the court **it was restructured by the State**(<u>and adopted by the court</u>)to allege counsel failed to investigate unidentified DNA sample found on mask used during the commission of the offense.Counsel was ordered to make an affidavit to resolve the issue.In doing so counsel filed an affidavit and letters attached as exhibits.

**TRIAL COUNSEL'S AFFIDAVIT**

Attorney's Affidavit page(5)at#30 he stated:He reviewed the DPS Lab reports...they reveal a mixture of DNA including applicants on the hollowing mask...**applicant wanted him to obtain funds to have an independent lab attempt to identify the other DNA**,but that he told applicant"<u>without accesss to the governments DNA data base they would not be able to do so</u>"....

page(6)at 32 counsel states:he did not believe that having an independant lab without access to law enforcement databases would have helped the defense.If he had believed that testing by an independent lab would have helped defend the case,he would have filed an **AKE Motion** for the funds.He didn't think so,and did not ask for the funds.

(2)

Trial Counsel's letter attached to affidavit

concerning DNA testing.

In a letter dated April 13, 2012 attached to affidavit counsel indicated he was going to(1)Subpoena DPS lab records on the holloween mask and see if it showed other peoples DNA and (2) ask the court for authorization to have it tested by independent lab.

**AT A PRE-TRIAL HEARING COURT HAD GAVE AUTHORIZATION TO HAVE INDEPENDENT LAB CONDUCT DNA TESTING.**

March of 2012 counsel asked for permission and the funds to take coton swabs from persons the victim alleged robbed him, and the two other suspects police had, to see if the DNA matched the mixed DNA on the mask request was granted, counsel failed to do so.

**EXPERT TESTIMONY AT TRIAL**

A known source of the DNA must be submitted to the lab to be compared to an unknown source of the DNA.Reporters Record(RR)Vol.11: 162 at 22-25...expert further testified on direct exam that: Applicant was not the only person to wear that mask used during the robbery.See 169 at 1-4 Id.And that **based on the results there are 2 possibly 3 people** that there was no dominant profile.See 171 at 4-25 Id.

Trial Counsel's affidavit indicates applicant requested him to obtain funds to have an independent lab identify the other DNA and counsel told him without access to the Governments DNA data base they would not be able to do so...page (5) at#30

Trial counsel knew that the mask was placed in the same bag with

(3)

applicant's cell phone and wallet,at trial expert testified that if that occurred there was a possibility of cross contamination. See RR 11:176 at 1-5.

In order to have the DNA on the mask tested to discover who wore the mask counsel knew that the State submitted two names applicants and Jeremy Butler.See RR 11:163 at 1-4.(prior to trial counsel knew this due to the fact he fact he had access to the lab analysis report)...

## DISCUSSION
**ANALYSIS OF COUNSEL'S AFFIDAVIT IN REGARDS TO HIS FAILURE TO HAVE THE MASK TESTED TO DISCOVER WHO ELSE WORE THE MASK.**

### [ ISSUE ]

Whether or not counsel made an informed choice not to have the mask tested for the other suspects DNA,including the 2 people police had in custody?

Counsel's affidavit reflects that applicant requested him to have the mask tested for other peoples DNA knowing that his DNA was not the only DNA on the mask.Counsel's affidavit reflects that counsel's decision not to file an **AKE MOTION** to have the mask tested was counsel's belief that"without access to the Government data base they would not be able to do so"...inorder to get applicant's DNA counsel knew that his name had been submitted to the DPS crime lab for DNA analysis,and that resulted in applicant being identified as one of the people that wore the mask,counsel knew trhat there was a mixture of DNA,and had counsel contacted a lab to discover how the unkown DNA could be identified he would

(4)

have **discovered what he already knew** "that names of a possible known source had to be submitted inorder to discover whether or not it was that persons DNA on the mask and that <u>the lab did not need access to the governments DNA database</u>,a simple call to an independent lab would have established this.

According to counsel's affidavit applicant requested him to secure the funds to have an independent lab conduct a DNA test to discover who where the other contributors.Counsel failed to do so and counsel's reason for not conducting an investigation to do so **was not based on an informed decision** which is clear from the affidavit,and the DNA experts testimony at trial which <u>Trial Court had the opportunity to hear the</u> expert testify that.**A known source of DNA must be submitted to be compaired to an unknown source oof the DNA.**

## CONCLUSION

It is clear from counsel's affidavit that his failure to obtain an **AKE MOTION** for the funds to have the mask tested for other peoples DNA knowing there was a mixture,was not based on an informed choice,and that deprived applicant of favorable evidence for his defense,any of the other known suspects,and the 2 people police had in custody could have been identified as contributors of the DNA and presented to the jury,trial court was aware of this when it entered it's findings of fact.

## ALIBI - WITNESS

COUNSEL HAS FILED A FALSE AND MISLEADING AFFIDAVIT IN AN ATTEMPT TO REASON AWAY HIS FAILURE TO SUBPOENA NAMED PERSON'S WHO COULD ESTABLISH APPLICANT"S ALIBI DEFENSE.

(5)

Applicant told counsel prior to trial that **Mr.Gary Whitehead** could establish that he was in Fredricksburg,when the robbery occured in Kerville,and requested counsel to go speak with him and he would tell counsel that,applicant came to Fredricksburg from Kerville,with Three other guys,and that they dropped him off and that applicant had been drinking,and had left his cell phone and wallet in the car.Applicant attempted to contact one of them but could not get through,and that the three guys left applicant in Fredricksburg,that applicant had waited around for them up until 12:00 A.M.and that he decided to walk back to Kerrville after they did not come back to pick him up.

Applicant contends that **counsel has filed a false and misleading affidavit for the following reasons:** Applicant did not tell counsel that his mother could be his alibi witness as he has indicated in his affidavit.Applicant knows that his mother knew he was in Fredricksburg when the robbery in Kerrville took place,but did not want her as an alibi witness **because she suffers from alzheimers disease.**Counsel's affidavit reflects that applicant told him that the State could not use his mother aginst him because she suffers from alzhiemers.That's proof in itself applicant did not want to use her as an alibi witness,and applicant did not request counsel to call his wife as a witness,she wasn't in Fredricksburg but knew that he was there that night,becuase he called from a phone Gary had and told her where he was.

**Trial counsel has attempted to use a jail recording of his mother talking to his brother about an incident that happened to him**

(6)

on the night of the robbery to make it appear(as the state did at trial)that the jail recording was proof of the robbery and applicants involvement in it.

In an attempt to mislead the court Trial counsel states in his affidavit:Applicant had no alibi witnesses who could account for his whereabouts at the time of the offense.Applicant's mother could not alibi for him...if she would have testified she would have bee impeached by the state with the recording of the conversation she had with one of his brothers in jail.In which he says she stated:that Jesse(applicant)had gone with the co-defendants they went"over there",the cops came immediately and Jessie had a long night and had to walk back from Fredricksburg".Counsel further adds,the only way she could have known this information would be if applicant told her.So she was out as an alibi-witness

...

RECORDED JAIL CONVERSATION

Jail recording:

> Things are not going to good for the brothers.
> What happened ? You know how **Jeremy takes all
> of those pills and makes money.**Well Jake set
> them up.Real bad.**He wanted** your brother to
> **ride with** them and another guy named Bobby and
> they went over there and it was a set up deal
> and the bottle contained little screws and the
> cops came immediately **and Jesse had a long ni-
> ght and had to walk back from Fredricksburg.**
> Bobby made it back and went to the bar and they
> **wrecked the vehicle.**

Counsel truncated the call in his affidavit to exclude that there was a deal **not a robbery** and any person of reason can tell that **whatever transpired it happened in Fredricksburg** not in Kerrville where the robbery occured and there is no mention of a robbery no attorney acting as an advocate for his client would concede that the conversation was about a robbery or that the event being

(7)

spoken of took place in Kerrville when it's clear that applicant had to walk back from Fredricksburg.

Counsel's affidavit clearly shows that he was not acting as an advocate on behalf of applicant,and that he wholeheartedly accepted the State's version of events and like the State misconstrued the jail house recording to inculpate applicant.The affidavit **submitted by counsel is false and very misleading and the court used it**,to determine whether or not counsel had denied applicant effective assistance of counsel by failure to secure alibi witness.Counsel made no mention of the fact applicant requested him to call Mr.Gary Whitehead as an alibi-witness,and that is what caused a conflict between applicant and counsel.Which resulted in counsel filing a motion to withdraw June 26,2012,stating that:Applicant has expressed dissatisfaction with attorney's performance and wanted to have anotherone appointed.

**And that attorney concurs that it's in the defendant's best intrest to allow him to withdraw**,and that the motion to withdraw was not for delay but so that justice may be served...

Counsel's motion to withdraw is proof that counsel and applicant had a conflict and applicant maintains it is because counsel failed to do anything to prepare a defense,which is clear from counsel's affidavit.

**FINDING OF FACT**

1).Court found the affidavit to be credible in all aspects without a live hearing or applicant being given an opportunity to respond to counsel's affidavit,which applicant has shown is false and

(8)

has mislead the Court as applicant has shown herein concerning the issue of his alibi witness and the misleading reasoning counsel attributed to the jail recording which does not show applicant was involved in the robbery.

2)Trial Court stated that counsel's affidavit is consistant with the Court's memory,when in fact trial court had no memory or knowledge of applicant and counsel's conflict due to the fact counsel did not(a)make any attempt to secure his alibi witness that initially caused a conflict between applicant and his attorney which led to counsel filing the motion to withdraw,and Court did not(b)take into account the experts testimony at trial that applicant's DNA was not the only one on the mask that there were 2 or 3 contributors and that eventhough applicant's DNA was on the mask it was not dominant,and that same DNA expert testified that a known source of DNA must be submitted to the lab to be compared to an unknown source of the DNA.And that **counsel's affidavit show counsel erroneously believed that** an independent lab test was no good to identify the unkown DNA without access to the **governments DNA database**(which is why he did not file the AKE MOTION)in light of the fact applicant requested him to do so.However,the court managed to find that **counsel did not in any manner fail to investigate** the DNA sample found on the mask,the court did not take in consideration that there was more than applicant's DNA on the mask.And that there was testimony that applicant's wallet and cell phone was placed into the same bag with the mask.Which could cause cross-contamination as the expert testified at trial. Which was even more of a reason for counsel to test it.

(9)

3)Applicant's allegation that counsel failed to introduce victims exculpatory statement that applicant was not the person that robbed him,which was captured on a recording of his parole hear-ing,was not adequately addressed by the Court during it's fact finding function,there was no recording reviewed by the Court and the only thing Court had before it to make a factual determination concerning this allegation was trial counsel's affidavit,and nothing more,there were no exhibit attached to counsel's affidavit to reflect the testimony victim gave at applicant's parole hearing as the finding of fact document reflects.

## INEFFECTIVE ASSISTANCE OF COUNSEL

The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Butler V. State, 716 S.W.2d 48,54(Tex.Crim.App.1986)quoting Strickland,104 S.Ct. at 2064.A defendant seeking relief under Strickland must show that counsel's performance was deficient and the defendant must show that the deficient performance prejudiced the defense. Butler ,716 S.W.2d at 54.

When clarifying the "prejudice"prong of this two part test,the Strickland Court held:

> The defendant must show that there is a reasonable probability that,but for counsel's unprofessional errors,the results of the proceedings would have been different.A reasonable probability is a probability sufficient to undermine confidence in the outcome. Ex Parte Guzmon,730 S.W.2d724,733(Tex.Crim.App. 1987)quoting Strickland,104 S.Ct. at 2068.

(10)

It is evident taht a criminal defense lawyer must have a firm command of the facts of the case as well as governing law before he can render reasonably effective assistance of counsel.Ex Parte Ybarra,629 S.W.2d 943,946(Tex.Crim.App.1982);Ex Parte Duffy,607 - S.W.2d 507,516(Tex.Crim.App.1980).A natural consequence of this notion is that counsel has the responsibility to seek out and interview potential witnesses.Ex Parte Duffy,607 S.W.2d at 517.It may not be argued that a given course of conduct was within the realm of trial strategy unless and until the trial attorney has conducted the necessary legal and factual investigation which will enable him to make an informed rational decision.607 S.W.2d at 526.Counsel has a duty to bring to bear such skill and knowledge as will render the traial a"reliable adversarial testing process."466 U.S. at 688,104 S.Ct.at 2065,80 L.Ed.2d at 694.

In applicant's case he asserts that one instance of ineffective assistance of counsel was the failure of counsel failed to secure favorable evidence(buccal swabs from other named suspects for **DNA** comparison because applicant's wallet and cell phone were placed in the same bag in contact with the mask used in the robbery). Which was restructured by the Court to allege counsel failed to investigate **the unidentified DNA Sample found on the mask.**In response to this allegation,Trial counsel filed an affidavit with exhibits.[as page 2 of this document states],Counsel admitted in his affidavit the reason he did not conduct an independent lab analyisis because the unknown DNA could not be identified without access to the Government's DNA database,this was his belief,which is why he did not file an AKE Motion to request the funds to do so.Counsel's affidavit also reflects counsel stating,**If he believed such testing by an independent lab would have helped the defense he would have filed an AKE Motion for the funds.**He did not think so,and did not ask for the funds.

On page three(3) of this written objection reflects expert that conducted the DNA test,testified **A known source of the DNA** must be submitted to the lab to be compared to an unknown source of

(11)

DNA.Counsel had trial counsel made an informed choice by contacting a DNA lab to disover how an unidentified / unknown source of DNA evidence could be identified he would have discovered that(a) the Governments DNA database was not necessary to identify the unknown source but that(b)the suspects DNA or the DNA of the two people police had in custody in connection with this offense,that their DNA could have been submitted and it could have been determined whether or not they were the source of the DNA.Counsel knew who the suspects were as well as the two people police had in custody in connection with the offense ----- which applicant was charged.

Trial counsel clearly did not make an informed choice as is indicated by his affidavit,in light of the experts testimony at trial which trial court had the opportunity to hear.Applicant was depreved of favorable evidence (the identity)of the unknown sources of DNA due to counsel's erroneous belief,that the unknown DNA on the mask used during the robbery could not be identified without access to the Governments DNA database.

Applicant alleges another instance of ineffective assistance of counsel due to counsel's failure to subpoena known alibi-witness Mr.Gary Whitehead to prove he was in Fredricksburg as the recorded jail conversation between applicant's mother and his brother shows.To cover for his failure to seek out and interview potential alibi witnesses,counsel **falsly alleged** in his affidavit that applicant wanted his mother and his wife to alibi for him.

(12)

In another allegation applicant has alleged that counsel failed to introduce exculpatory information before the jury that the victim testified at his parole hearing that applicant was not the person who robbed him.Trial court relied on counsel's affidavit and nothing more to resolve this issue.When the recording of the parole hearing proceedings reflect victim stating for certain that applicant was not the person who robbed him.The failure of counsel to present this evidence before the jury,was that he obtained copies of the parole board revocation proceedings,and listened to them,and it was in his opinion that they were not helpful and would not have assisted in the defense of this case.He ackn-owleges that victim testified that he did not hear on the tape where the victim said that applicant was not his attacker,and he stated he did not know who robbed him.Applicant maintains that the victim testified at his hearing that applicant was not the person who robbed him.In any event according to counsel's affidavit the victims testimony still was excuplatory due to the fact the victim did not say applicant was one of the attackers,he believed robbed him and according to counsel affidavit victim named indiciduals he thought were responsible for robbing him.The **recording at the parole hearing was exculpatory in nature** and_was evidence (excuplatory)which should have been introduced to the jury.This was a circumstantial evidence case,where the only evidence the State had to link applicant to the robbery was (a)Mask and (b)a recorded jail conversation that did not reflect that a robbery took place or that applicant was involved in a robbery.

(12)

In another allegation applicant has alleged that counsel failed t to introduce exculpatory information before the jury that the victim testified an his parole hearing that applicant was not the person who robbed him.Trial court rälied on counsel's affidavit and nothing more to resolve this issue.When the recôrding of the parole hearing proceedings reflect victim syating for certain tha that applicant was not the person who robbed him.The failure of counsel to present this evidence before the jury,was thàt he obtained copies of the parole board revocation proceedings,and listened to them,and it was in his opinion that they were not helpful and would not have assisted in the defense of this case.He acknow owleges that victim testified that he did not hear on the tape where the victim said that applicant was not his attacker,and he stated he did not know who robbed him.Applicant maintains that th the victim testified at his hearing that applicant was not the person who robbed him.In any event according to counsel's affidavit the victims testimony still was excuplatory due totthe fact the victim did not say applicant was one of the attackers,he believed robbed him and according to counsel affidavit victim named indiciduals he thought were responsible for robbing him.The **recording at the parole hearing was exculpatory in nature and was evidence (excuplatory)which should have been introduced** to the jury.This was a circumstantial evidence case,where the only thing ence the State had to link applicant to the robbery was (a)Mask and (b)a recorded jail conversation that did not reflect that a robbery took place or that applicant was involved in a robbery.

(12)

WRIT NO. 83,344 - 01

IN THE

TEXAS COURT OF CRIMINAL APPEALS

EX PARTE,
JESSE RAY ROSE

ON POST - CONVICTTION WRIT OF HABEAS CORPUS

from the 198th Judicial District Court,

Cause No. B - 11690

KERR COUNTY, TEXAS

Applicant's response and written objection to Trial Court's

finding of facts and conclusions of law suggesting he be denied

relief in his post - conviction application.

Respecrfully Submitted,

*Jesse Ray Rose* Sept. 23, 2015

Jessie Ray Rose #1802171
Hughes Unit, Rt.2 Box 4400
Gatesville, Texas 76597